Ruffin, Judge.
 

 The principal question in this case has been already decided in
 
 Justices of Cumberland,
 
 v.
 
 Armstrong et al.
 
 at this term. The act of If62 (Rev.
 
 c.
 
 69.
 
 s. 7 )
 
 directs a guardian bond to be made payable to the “justices present in court, the survivor or survivors of them, their executors or administrators”. Under the statute therefore, the bond is nothing more than a common law bond, payable to inviduals and their personal representatives, in trust for another. This being the case, this bond must be taken to have been given to the individuals who were justices, by the description of their office.
 
 Dozier,
 
 ^hen, was both obligor and obligee, and the bond is void. There has been an attempt to distinguish this case from that of the
 
 Justices
 
 v.
 
 Armstrong,
 
 by the circumstance that it is payable to “
 
 Willis Etheridge, Joseph Ferebee, and the other justices of Currituck county
 
 This is said to exclude, by necessary implication, that justice who was obligor ; as if it had been expressed,
 
 “
 
 the rest
 
 except Dozier.”
 
 That depends upon what the word “ rest” refers to. It is introduced in that part of the bond, in which the obligees are set forth, and was designed to describe them
 
 ;
 
 and it plainly refers to the obligees,
 
 Etheridge
 
 and
 
 Ferebee,
 
 who are expressly named, and was designed to include, and does include as obligees all that class of persons, of which those two form parts. This is the plain and obvious grammatical construction of the words ; and we cannot imply an intention of the parties, or insert an exception against those words. Per Curiam. — Judgment affirmed.
 
 †
 

 †
 

 The case of
 
 the Justices of Martin
 
 v.
 
 Stewart,
 
 was in every respect' similar to the above, and the same opinion-was filgd in both.